DLD-057                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2323
_____

DWAYNE L. RIECO,
                              Appellant

v.

WILLIAM HEBE, District Attorney;
RICHARD MCCOY, Esq.;
ANNE MARIE NASEK, Esq.;
LENORE URBANO, Esq.;
JENNY FARRER;
MICHELE RIGALBUTO;
JUDGE ROBERT E. DALTON, JR.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-12-cv-02032)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 19, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 31, 2015)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Dwayne Rieco is a state prisoner who appeals from the District Court's orders granting summary judgment to Appellees Urbano, Farrer, and Rigalbuto, and dismissing Rieco's claims against Appellees Hebe, McCoy, Nasek and Dalton. Because this appeal presents no substantial question, we will summarily affirm.

Rieco is a sex offender who is currently serving a prison sentence at SCI-Pittsburgh. He is the biological father of TG, with whom he has not had any relationship with since birth. TG's care and custody have been shared between the Tioga County Department of Human Services ("TCDHS") and TG's mother. Beginning in 2010, Rieco sought to begin a relationship with TG by mailing him letters from prison. Rieco also asked that TG be brought to him in prison for visits. TG's mother, and Appellees Farrer and Rigalbuto, employees of TCDHS, opposed this contact, believing that it would be detrimental to the child. Farrer and Rigalbuto refused to bring TG to Rieco for visits and declined to deliver his letters to TG. Additionally, acting through Appellee William Hebe, an attorney, Farrer and Rigalbuto brought a petition to terminate Rieco's parental rights to TG in the Court of Common Pleas of Tioga County. In this state court action, Appellee Urbano participated as a court-appointed guardian *ad litem*. Appellees McCoy and Nasek, public defenders, were appointed by the court to represent Rieco. Judge

Robert E. Dalton, Jr., presided over the proceeding, and ultimately granted TCDHS's Petition, terminating Rieco's parental rights in 2011.

Rieco brought an action against Appellees for the roles they played in terminating his parental rights to TG, for refusing to deliver his letters to TG, and for refusing to bring him to Rieco for visitation in prison.

After the Court dismissed his claims against Hebe, McCoy, Nasek and Dalton, the remaining defendants moved for summary judgment. The Court granted Urbano's summary judgment motion and Nasek and McCoy's motion to dismiss, reasoning that these Appellees were entitled to absolute immunity because they had acted as an integral part of the judicial process in the state proceeding. The Court dismissed Rieco's claim against Hebe under the same absolute immunity analysis. The Court granted Dalton's motion to dismiss, because judges enjoy absolute immunity. The Court also granted summary judgment to Farrer and Rigalbuto, reasoning that they were entitled to qualified immunity because Rieco had not demonstrated that he had a clearly established right to visitation and correspondence with TG. Rieco filed a notice of appeal, arguing violations of his substantive and procedural right to due process under the Fourteenth Amendment, and his rights under the First and Fourth Amendments.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because Rieco has been granted in forma pauperis status, we review this appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). Our review of orders dismissing certain defendants and

3

granting summary judgment to others is plenary.  See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)).

The District Court correctly concluded that Judge Dalton is immune from suit because Rieco sued him for actions he took in his role as a judge.  See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding that judges have immunity from suit for judicial acts).  The Court also correctly concluded that McCoy and Nasek are immune from suit because they are public defenders.  "[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys." See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The District Court also correctly concluded that Urbano enjoys absolute immunity because of her role in Rieco's state court proceeding as a guardian ad litem.  A guardian ad litem is absolutely immune from § 1983 liability when acting as an "integral part[ ] of the judicial process."  Gardner by Gardner v. Parson, 874 F.2d 131, 146 (3d Cir. 1989) (quoting Briscoe v. LaHue, 460 U.S. 325, 334 (1983)).  This includes "exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court."  Id. at 146.  Urbano was the court appointed guardian ad litem for TG.  Rieco sued Urbano for her role in the state court proceeding that ultimately terminated his parental rights.  Urbano is therefore immune from his suit.

4

As for Appellees Farrer and Rigalbuto, the District Court correctly concluded that they were entitled to qualified immunity. Government officials performing discretionary functions are insulated from suit on qualified immunity grounds where their conduct did not violate a "clearly established statutory of constitutional right[] of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). The qualified immunity inquiry entails two steps: first, the court must evaluate whether the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201-02 (2001). Second, a court must ask whether that right was "clearly established" at the time of the offending conduct. Id. at 232. This inquiry need not be conducted sequentially. Id. at 239-40. Inmates have no unfettered constitutional right to visitation free of regulation. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 758 (3d Cir. 1979) (prison officials may limit the nature of inmate visitation). Moreover, Rieco has not demonstrated that he has any affirmative right to have TG's caregivers bring TG to Rieco for visitation in prison, nor to have Rieco's correspondence delivered to TG.

Finally, Hebe is also entitled to qualified immunity because as a private attorney who represented state actors in their performance of official duties that grant them qualified immunity, he is also entitled to such immunity. See Filarsky v. Delia, 132 S. Ct. 1657, 1667 (2012) (holding that attorney who was retained by city to assist in conducting official investigation into firefighter's potential wrongdoing was entitled to

5

qualified immunity in firefighter's § 1983 claim, because official investigation of state employee was activity of the type entitled to qualified immunity).

As this appeal presents no substantial question, we will summarily affirm.